## IN THE COURT OF APPEALS OF IOWA

No. 18-0776
Filed July 5, 2018

**IN THE INTEREST OF L.L.,**
**Minor Child,**

**K.M., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Romonda D. Belcher, District Associate Judge.


　　　A mother appeals the juvenile court order adjudicating her child a child in need of assistance. **REVERSED AND REMANDED.**



　　　Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　Karl Wolle of Juvenile Public Defender's Office, Des Moines, guardian ad litem for minor child.


　　　Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

A mother appeals the adjudication of her child, L.L, as a child in need of assistance (CINA),[1] arguing there was not clear and convincing evidence under Iowa Code section 232.2(6)(c)(2) (2018).

**I. Background Facts and Proceedings.**

L.L. was born in February 2018. Several tests have been completed to determine whether the mother used methamphetamine around the time of L.L.'s birth. The day before the mother gave birth, she was ordered to take a drug test by her parole officer. The initial test was positive for methamphetamine but was not tested further. The mother then took another test at a treatment facility, which was negative. The day the mother gave birth to L.L., she took two urine drug tests which screened positive for methamphetamine. The drug test she took at 5:25 a.m. was not confirmed as positive. A later drug test, taken at 1:08 p.m., was confirmed as positive for methamphetamine. While the mother claims the later test was a false positive because of other medications she was taking, the laboratory manager testified the confirmation test would not have resulted in a false positive for that drug. L.L.'s umbilical cord blood tested negative for drugs, and a hair-stat test following removal was negative for drugs. Drug tests taken by the mother the following week were negative for drugs. All subsequent drug tests have been negative.

The juvenile court allowed L.L. to go home with the mother after birth under a DHS safety plan requiring the mother to live with the maternal grandmother. But

---

[1] The father does not appeal.

six days after birth, the juvenile court removed the child from the mother based on the previous positive drug test. During a removal hearing on February 14, the juvenile court confirmed removal. In March, a contested adjudication hearing was held. The juvenile court adjudicated L.L. a CINA but permitted the child to live with the mother and maternal grandmother. The juvenile court found:

> Mother has re-engaged in treatment since child's [early] February . . . 2018 birth and is actively engaged. Mother has attended 16 sessions since engaging in individual therapy since October 2017. Mother currently has daily supervised contact with the child and is breast feeding. There have been no concerns during those visits supervised by [the family safety, risk, and permanency services provider] or the custodian. All of the mother's subsequent urine drug screens provided to House of Mercy or parole have been negative.

Disposition was entered in April. At the time of disposition, L.L. had been living with the mother and maternal grandmother for over a month. There had been no concerns regarding the care the mother was providing L.L. The court continued placement of the child with the mother.

## II. Standard of Review.

"We review CINA proceedings de novo." *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). Our primary concern is the child's best interests. *Id.* "While we give weight to the trial courts findings of fact, we are not bound by them." *In re J.R.*, 683 N.W.2d 128 (Iowa Ct. App. 2004). The State has the burden to prove the allegations by clear and convincing evidence. *Id.*

## III. Discussion.

The mother contends the State did not prove by clear and convincing evidence that the requirements under Iowa Code section 232.2(6)(c)(2) were met. Under this section, a child can be adjudicated a CINA if the child has suffered or

is imminently likely to suffer harmful effects as a result of "the failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." Iowa Code § 232.2(6)(c)(2). Harmful effects "pertains to the physical, mental or social welfare of a child." *J.S.*, 846 N.W.2d at 41. "[W]e have found such effects established when there was harm to a child's physical, mental, or social well-being or such harm was imminently likely to occur." *Id.* at 41–42.

The State contends adjudication as a CINA is appropriate because the mother has a history of methamphetamine addiction and tested positive for methamphetamine while in the hospital giving birth. About a year earlier, an order terminating her parental rights to another child based on methamphetamine addiction was reversed on appeal, and the mother then consented to the termination. *In re K.M.*, No. 16-0795, 2016 WL 4379375 (Iowa Ct. App. Aug. 17, 2016).

The Iowa Supreme Court has stated that an active addiction to methamphetamine could be "'imminently likely' to result in harmful effects to the physical, mental, or social wellbeing of the children in the parent's care." *J.S.*, 846 N.W.2d at 37 ("We have no difficulty concluding [under subsection 232.2(6)(c)] that a parent's methamphetamine addiction by itself can result in 'harmful effects' to the child, thereby justifying state intervention to protect the child."); *see also In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (noting "an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children").

Here, the mother tested positive for methamphetamine use during the period immediately before L.L.'s birth. The mother has drug-related felony convictions, has been incarcerated for drug-related crimes, and is currently on

parole for a 2013 conviction for possession with intent to deliver methamphetamine. While we may consider a parent's past performance, we are not required to ignore the present circumstances. Evidence points to the mother's recovery. She has been subject to regular drug tests since at least September 2017. All but two of the drug tests, on the day before and the day of L.L.'s birth, have been negative. The mother has been participating in substance-abuse treatment and may soon be successfully discharged from the program. The mother has also been consistently participating in therapy since October 2017. The mother has had supervised interactions with L.L. since birth and there have been no concerns regarding her ability to parent.

The State has not proven by clear and convincing evidence that L.L. is imminently likely to suffer harmful effects as a result of the mother's failure to supervise the child. *See In re K.K.*, No. 15-2110, 2016 WL 1703141, at *2 (Iowa Ct. App. Apr. 27, 2016) (reversing CINA determination under Iowa Code section 232.2(6)(c)(2) when the mother used methamphetamine twice during pregnancy but is subsequently obtained sobriety and participated in substance-abuse treatment). We reverse the adjudication of L.L. as a CINA under section 232.2(6)(c)(2) and remand for dismissal of the State's petition.

**REVERSED AND REMANDED.**